UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. JACKSON, Sr., | No. 2:14-cv-2809-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS[1] |
| SINGH, et al., | |
| Defendants. | |

Plaintiff Raymond D. Jackson, Sr. is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, plaintiff has not demonstrated that he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Plaintiff did not respond to the court's order directing him to complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

1

28 U.S.C. § 1915(g).  Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* (1) *Jackson v. Cooley*, No. 2:05-cv-02616-CAS-CW (C.D. Cal. May 4, 2007) (order adopting March 20, 2007 recommendation to dismiss action for failure to state a claim); (2) *Jackson v. Veal*, No. 2:07-cv-0397-MCE-KJM (E.D. Cal. Dec. 2, 2008) (order dismissing action for failure to state a claim and because defendant is immune from suit); (3) *Jackson v, County of Los Angeles*, No. 2:09-cv-06109-UA-CW (C.D. Cal. Sept. 2, 2009) (order dismissing action for failure to state a claim); and (4) *Jackson v, County of Los Angeles*, No. 09-56516 (9th Cir.) (December 10, 2009 order denying motion to proceed in forma pauperis on ground that appeal was frivolous, and January 20, 2010 order dismissing appeal for failure to prosecute after plaintiff failed to pay the filing fee or show cause why the judgment challenged on appeal should not summarily affirmed).[2]

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement).  Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

/////

/////

---

[2] The dismissal of this appeal, though styled as one for failure to prosecute, also qualifies as a strike.  *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (complaint is "dismissed" for purposes of § 1915(g) even if dismissal is styled as denial of application to file the action without prepayment of the full filing fee); *see also, e.g., Lamon v. Junious*, No. 1:09-cv-00484-AWI-SAB, 2014 U.S. Dist. LEXIS 9778, at *9-10 (E.D. Cal. Jan. 27, 2014) (dismissal of appeal for failure to prosecute counted as "strike" where underlying ground for dismissal was that appeal was frivolous); *Thomas v. Beutler*, No. 2:10-cv-01300-MCE-CKD P, 2012 U.S. Dist. LEXIS 159943, at *5-6 (E.D. Cal. Nov. 6, 2012) (same, and citing similar cases); *Braley v. Wasco State Prison*, No. 1:07-cv-01423-AWI-BAM, 2012 U.S. Dist. LEXIS 133285 (E.D. Cal. Sept. 14, 2012) ("Plaintiff became subject to section 1915(g) . . . when the appeal of the dismissal of his third action as frivolous was dismissed for failure to prosecute").

In the complaint (ECF No. 1), plaintiff alleges he has a weakened immune system because of nasal cancer.  He complains that for a period of time *in 2012*, he was housed in a filthy and unsanitary cell, which caused him to pass out and injure himself, and also led to a mouth infection.  He claims that his administrative appeals regarding his housing situation and need for medical care were improperly processed and/or denied and that he was also deprived of due process in related disciplinary proceedings for a rules violation report.

The allegations do not demonstrate that plaintiff suffered from imminent danger of serious physical injury at the time he filed his complaint.  Thus, the imminent danger exception does not apply.  Because plaintiff has not paid the filing fee and is not eligible to proceed *in forma pauperis*, this action must be dismissed.

Accordingly, it is hereby ORDERED that this action be randomly assigned to a United States District Judge.

Further, it is hereby RECOMMENDED that

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. This action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 23, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3