1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAYMOND D. JACKSON, SR.,                    No.  2:14-cv-2809-EFB P

12                   Plaintiff,

13           v.                                   ORDER SCREENING COMPLAINT
                                                  PURSUANT TO 28 U.S.C. §1915A
14    SINGH, et al.,

15                   Defendants.

16

17           Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  He has paid the filing fee and is not eligible to proceed in forma pauperis.  ECF

19    No. 8.

20    **I.      Screening Requirement and Standards**

21           Federal courts must engage in a preliminary screening of cases in which prisoners seek

22    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

24    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

25    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

26    relief."  *Id.* § 1915A(b).

27           A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

28    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

1

1   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

2   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

3   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

4   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

5   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

6   U.S. 662, 679 (2009).

7        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

8   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

9   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

10  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

11  678.

12       Furthermore, a claim upon which the court can grant relief must have facial plausibility.

13  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

14  content that allows the court to draw the reasonable inference that the defendant is liable for the

15  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

16  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

17  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

18  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

19  **II.    Screening Order**

20       For the limited purposes of § 1915A screening and liberally construed, the complaint,

21  which is 50 pages long and names 15 defendants, states the following potentially cognizable

22  claims: (1) Eighth Amendment claims against defendants Osman, Bick, and Spencer for denying

23  plaintiff proper housing and medical care (ECF No. 1, ¶¶ 51, 53, 57, 59, 125); (2) a first

24  Amendment retaliation claim against defendant Singh for retaining plaintiff in administrative

25  segregation (*id.* ¶¶ 48, 55, 63); and (3) a first Amendment retaliation claim against defendant

26  Aguilera for forcing plaintiff to withdraw his medical appeals or risk losing single-cell status (*id.*

27  ¶ 71).  However, the remaining allegations are not sufficient to state a proper claim for relief

28  under the applicable standards, discussed below.

2

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading naming many defendants with an unexplained, tenuous or implausible connection to the alleged constitutional injury or a mere laundry list of unrelated claims does not suffice. Throughout the complaint, plaintiff refers generally to "defendants" without specifically linking a particular defendant to a violation of his federal rights. By lumping all defendants together in this fashion, the complaint hardly provides defendants with "fair notice" of plaintiff's claims against them.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.[1]

---

[1] Plaintiff's use of Doe defendants is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Should plaintiff learn the identities of parties he wishes to serve, he must promptly move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after

1    To state a viable First Amendment retaliation claim, a prisoner must allege five elements:

2    "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

3    that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

4    Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

5    *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Conduct protected by the First

6    Amendment includes communications that are "part of the grievance process."  *Brodheim v. Cry*,

7    584 F.3d 1262, 1271 n.4 (9th Cir. 2009).  If plaintiff intends to assert a retaliation claim, he must

8    specifically identify the protected conduct at issue, name the defendant who took adverse action

9    against him, and plead that the allegedly adverse action was taken "because of" plaintiff's

10   protected conduct.

11   In order to state a claim for conspiracy, plaintiff must allege specific facts showing two or

12   more persons intended to accomplish an unlawful objective of causing plaintiff harm and took

13   some concerted action in furtherance thereof.  *Gilbrook v. City of Westminster*, 177 F.3d 839,

14   856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for

15   conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged

16   conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998)

17   (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an

18   agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819, 821

19   (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid §

20   1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

21   Plaintiff has not alleged specific facts showing that any defendant agreed to accomplish an

22   unlawful objective.  Nor has he alleged sufficient facts from which any agreement could be

23   inferred.

24   The Eighth Amendment protects prisoners from inhumane methods of punishment and

25   from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

26

27   commencement of the action.  Additionally, unknown persons cannot be served with process until
     they are identified by their real names and the court will not investigate the names and identities
28   of unnamed defendants.

4

1   2006).  To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to

2   support a claim that prison officials knew of and disregarded a substantial risk of serious harm to

3   the plaintiff.  *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124,

4   1128 (9th Cir. 1998).  Extreme deprivations are required to make out a conditions of confinement

5   claim, and only those deprivations denying the minimal civilized measure of life's necessities are

6   sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

7   503 U.S. 1, 9 (1992).   A mere threat of physical harm is not a constitutional wrong.  *See Gaut v*

8   *Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).  Likewise, verbal harassment alone does not violate the

9   Eighth Amendment.  *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).

10          To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

11   plaintiff must establish that he had a serious medical need and that the defendant's response to

12   that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

13   *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

14   treat the condition could result in further significant injury or the unnecessary and wanton

15   infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial,

16   delay or intentional interference with medical treatment or by the way in which medical care is

17   provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

18          To act with deliberate indifference, a prison official must both be aware of facts from

19   which the inference could be drawn that a substantial risk of serious harm exists, and he must also

20   draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if

21   he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing

22   to take reasonable measures to abate it."  *Id.* at 847.  A physician need not fail to treat an inmate

23   altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*,

24   884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition,

25   even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

26   *Id.*

27          It is important to differentiate common law negligence claims of malpractice from claims

28   predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

5

In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). State regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Inmates do not have a constitutional right to contact visits. *Block v. Rutherford*, 468 U.S. 576, 586 (1984).

In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

"To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted).

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply because he played a role in processing plaintiff's

inmate appeals.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . .  Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

Plaintiff may either proceed only on the First and Eighth Amendment claims identified above against defendants Osman, Bick Spencer, Singh, and Aguileria, or he may amend his complaint to attempt to cure the deficiencies identified herein.  Plaintiff is not obligated to amend his complaint.

Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

/////

1    The court cautions plaintiff that failure to comply with the Federal Rules of Civil

2  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

3  *See* E.D. Cal. Local Rule 110.

4    Accordingly, it is hereby ordered that:

5    1.    The allegations in the pleading are sufficient at least to state the following

6         potentially cognizable claims: (1) Eighth Amendment claims against defendants

7         Osman, Bick, and Spencer for denying plaintiff proper housing and medical

8         care (ECF No. 1, ¶¶ 51, 53, 57, 59, 125); (2) a first Amendment retaliation

9         claim against defendant Singh for retaining plaintiff in administrative

10        segregation (*id.* ¶¶ 48, 55, 63); and (3) a first Amendment retaliation claim

11        against defendant Aguileria for forcing plaintiff to withdraw his medical

12        appeals or risk losing single-cell status (*id.* ¶ 71).  All other claims and

13        defendants are dismissed with leave to amend within 30 days of service of this

14        order.  Plaintiff is not obligated to amend his complaint.

15    2.    Within 30 days of service of this order plaintiff must return the attached Notice

16        Re Amendment.  Failure to comply with this order may result in dismissal of

17        this action.

18  DATED:  January 26, 2017.

19                 EDMUND F. BRENNAN
                   UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

8

1

2

3

4

5

6                                UNITED STATES DISTRICT COURT

7                           FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    RAYMOND D. JACKSON, SR.,                    No.  2:14-cv-2809-EFB P

10                   Plaintiff,

11         v.                                     <u>NOTICE RE AMENDMENT</u>

12   SINGH, et al.,

13                   Defendants..

14
          In accordance with the court's Screening Order, plaintiff hereby elects to:
15

16
          (1)  _____   proceed only on the First and Eighth Amendment claims identified in the
17
               court's Screening Order against defendants Osman, Bick Spencer, Singh, and
18
               Aguileria, and requests that the Clerk of the Court issue a summons and new case
19
               civil documents.
20
          OR
21
          (2)   _____   delay serving any defendant and files an amended complaint in accordance
22
               with the court's screening order.
23

24

25                                              _____

26                                                            Plaintiff

27   Dated:

28
                                              9