UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SINGH, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-2809-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a motion to stay the case pending a medical procedure that he hopes to obtain but has not been scheduled. ECF No. 32. For the reasons that follow, the motion should be denied without prejudice.

**I. Background**

Plaintiff filed this action in late 2014, alleging claims of retaliation and deliberate indifference against custody staff at the prison where he is housed. ECF Nos. 1, 10. Defendants answered the complaint on October 20, 2017 (ECF No. 30), and the court issued a scheduling order on October 26, 2017 (ECF No. 31). Under the current schedule, discovery must be completed by March 2, 2018 and dispositive motions must be filed by April 27, 2018. ECF No. 31 at 4. (The deadline for requesting discovery under Federal Rules of Civil Procedure 31, 33, 34, and 36 has already passed. *Id.*) These are the only deadlines in the case.

1

**II. Analysis**

Plaintiff asks the court to stay all proceedings in this case until he obtains eye surgery. ECF No. 32. According to plaintiff, his eyesight is severely deteriorating and he is "almost blind." *Id.*

Defendants oppose a stay, arguing that no surgery is currently scheduled and that to delay the case indefinitely would prejudice them because: (1) the suit already concerns events from six years ago; (2) a stay would delay discovery, including a deposition of plaintiff; and (3) during the stay, evidence may be lost, memories may fade, and witnesses may become unavailable. According to defendants, plaintiff's medical records show that he can walk around the prison without any perceived visual difficulty. ECF No. 34. Defendants claim that plaintiff has "some visual impairment" but not a visual disability or blindness. *Id.*

Plaintiff responds that he does not seek an indefinite stay, but rather a short stay while he litigates another case through which he hopes to compel prison officials to provide him with eye surgery (*Jackson v. Bick, et al.*, E.D. Cal. Case No. 2:15-cv-02066-DB). ECF No. 36. Contrary to defendants' claims, the records provided by plaintiff show that he does indeed have a visual disability, as defined by the federal agencies and state prison authorities.[1] Plaintiff's ability to traverse the prison does not inform the court much about his ability to read and prepare legal documents or what his condition and limitations will be post-operative during recovery if he if he obtains the surgery.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket[.]" *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In the Ninth Circuit, courts weigh the competing interests affected by the proposed stay to determine whether a motion to stay should be granted. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). These competing interests include: (1) possible damage that may result from the

---

[1] Records filed by plaintiff show that his eyesight is not correctible to better than 20/300 in his right eye and 20/400 in his left eye. ECF No. 36 at 7. This qualifies as "severe vision impairment" by California Department of Corrections' standards (*id.* at 10) and legal blindness as defined by the U.S. Social Security Administration ("Disability Planner: Special Rules for People Who Are Blind Or Have Low Vision," https://www.ssa.gov/planners/disability/dqualify8.html (last visited February 9, 2018)).

stay, (2) hardship or inequity that may be caused by forcing the moving party to go forward, (3) whether the stay would disrupt the orderly course of justice by complicating issues; and (4) whether any questions of law would result from the granting of the stay. *Id.* A district court's decision on a motion to stay is reviewed under an abuse of discretion standard that is "somewhat less deferential" than in other contexts. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The court abuses its discretion if it bases its ruling on an erroneous view of the law or a clearly erroneous view of the evidence. *Id.*

As to the first competing interest the court must consider, defendants have identified the general potential costs, which are not insignificant, of granting a stay – the potential loss of evidence, memories, and witnesses. While plaintiff claims that he does not seek an indefinite stay, it is not at all clear what the outcome will be of Case No. 2:15-cv-02066-DB or when that case will resolve. (The case is set for settlement conference on May 10, 2018.) As to the second competing interest, plaintiff claims he is too impaired to litigate, and he has provided evidence of significant visual impairment. However, his reply brief shows that he can prepare his arguments and evidence quite well despite his visual impairment. Apart from some reasonable recovery period if surgery occurs, the court is not aware of any extra complication of issues or questions of law that would result from the granting of the stay. Thus, the only interests to be weighed are defendants' interests in moving the case forward as quickly as possible against the challenges plaintiff faces in litigating while severely visually impaired.

While plaintiff hopes to obtain eye surgery that will improve his vision, he has not provided the court with any evidence that such surgery is imminent or would actually improve his vision significantly. Currently, surgery is only speculative and it is therefore possible that any stay of the case would simply delay the case for no benefit. Until it is actually determined that plaintiff will have surgery and the date it will occur and the anticipated recovery period, a stay pending surgery is premature. In the meantime, plaintiff has filed a well-written and supported reply brief despite his impairment. The stay plaintiff seeks in this motion has no clear expiration, and plaintiff's January 25, 2018 reply brief shows that plaintiff currently can litigate effectively at this time despite his impairment. Accordingly, the competing interests weigh in favor of denying

the stay at this time.  If plaintiff has surgery scheduled, he may file a new motion with that additional information and address a specific length of time needed for a stay.

**III. Recommendation**

Accordingly, it is hereby RECOMMENDED that plaintiff's December 11, 2017 motion for stay (ECF No. 32) be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 30, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE