UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SINGH, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-2809-TLN-EFB P<br><br><br>ORDER |

　　　　This is an action brought by a state prisoner proceeding without counsel asserting claims under 42 U.S.C. § 1983. Upon screening pursuant to 28 U.S.C. § 1915A, the court determined that the complaint stated the following potentially cognizable claims (1) Eighth Amendment claims against defendants Osman, Bick, and Spencer for allegedly denying plaintiff proper housing and medical care (ECF No. 1, ¶¶ 51, 53, 57, 59, 125); (2) a first Amendment retaliation claim against defendant Singh for allegedly retaining plaintiff in administrative segregation (*id.* ¶¶ 48, 55, 63); and (3) a First Amendment retaliation claim against defendant Aguileria for allegedly forcing plaintiff to withdraw his medical appeals or risk losing single-cell status (*id.* ¶ 71). ECF No. 10 at 2. On October 23, 2018, counsel for defendants filed a notice of plaintiff's death, stating that plaintiff had died on October 22, 2018, during the pendency of this action. ECF No. 52.

/////

Rule 25 of the Federal Rules of Civil Procedure provides the mechanics for moving forward after a party to civil litigation has died. As is relevant here, that rule provides:

> (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> ***
>
> (3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a). In *Robertson v. Wegmann*, 436 U.S. 584 (1978), the Supreme Court held that the law of the forum state is "the principle reference point in determining survival of civil rights actions" under section 1983. *Id.* at 590; *see also Moor v. Alameda County*, 411 U.S. 693, 703 n.14 (1973) (noting that pursuant to 42 U.S.C. § 1988, state survivorship statutes may allow the survival of actions brought under § 1983). Under California law, a cause of action against a person is generally not lost by reason of the person's death. Cal. Civ. Proc. Code § 377.20(a). The decedent's personal representative or, if there is none, the decedent's successor in interest may continue to litigate the action. *Id.* § 377.31.

Here, defendants have not served the notice on plaintiff's successor or representative. Accordingly, defendants' notice of plaintiff's death does not comply with Rule 25(a) and has not started the 90-day clock under that rule.

The Ninth Circuit has held that Rule 25(a) requires two affirmative steps to trigger the 90-day period:

> First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, while nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.

*Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations omitted). Under *Barlow*,

defendants have some obligation to identify plaintiff's representative or successor and serve the notice of death on that party. Defendants have not done so, nor have they provided the court with any information indicating that such an individual could not be located. *See Gruenberg v. Maricopa County Sheriff's Office*, No. CV 06-0397-PHX-SMM (DKD), 2008 U.S. Dist. LEXIS 40342 (D. Az. May 7, 2008) (dismissing action without prejudice after plaintiff died and defendants could not locate a successor).

Accordingly, it is hereby ORDERED that, within 30 days of the date of this order, defendants shall:

1. File a formal notice of plaintiff's death with the court and serve that notice on plaintiff's personal representative or successor in interest; or

2. Inform the court of the steps defendants have taken to locate plaintiff's personal representative or successor in interest and explain why such person could not be located.

DATED: January 18, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE